C. L. & C. E. SHELDON, Appellants, *vs.* CHARLES C. EAKLE *et al.* Appellees.

*Opinion filed October 25, 1911.*

CONTRACTS—*section 15 of the act relating to lunatics, drunkards and spendthrifts construed.* A note and mortgage executed by a person to his attorneys after they have notice that an application for the appointment of a conservator for such person as being a drunkard and spendthrift has been filed, are voidable under section 15 of the act concerning lunatics, drunkards and spendthrifts, even though there was no fraud in the transaction; and the mortgage cannot be foreclosed whatever may be the rights of the attorneys to recover for the services rendered.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding.

DIXON & DIXON, for appellants.

BROOKS & BROOKS, and H. C. WARNER, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

C. L. and C. E. Sheldon filed a bill to foreclose a mortgage given to secure a note for $500, against Charles C. Eakle and Henry C. Warner, the latter being conservator of said Charles C. Eakle, and the defendants below filed their answer and a cross-bill, in which they prayed for a

251 — 24

cancellation of the mortgage as a cloud upon Eakle's title. The cause was referred to a master in chancery, who upon a hearing found for the complainants and recommended a decree of foreclosure for $173, the amount found to be due by the master. Exceptions were filed to the master's report, which were sustained by the circuit court, and a decree was entered dismissing the original bill for want of equity and granting the prayer of the cross-bill. This decree has been affirmed by the Appellate Court for the Second District, and complainants below having obtained a certificate of importance have prosecuted a further appeal to this court. C. L. Sheldon having died on April 29, 1911, the fact of his death was suggested at the June term, 1911, and made a matter of record.

The evidence, which is not conflicting, proves the following facts: Complainants were lawyers and engaged in the general practice of law in Whiteside county. About the middle of August, 1908, appellee Eakle came to the office of complainants for the purpose of consulting them in regard to certain real estate interests which he claimed in Lee county. Eakle claimed to be the owner of a one-half interest in one hundred and twenty acres of land, subject to a mortgage of $5000. The other half belonged to H. A. Eakle, a brother of appellee Eakle. After several consultations with appellee Eakle and some correspondence and negotiations with H. A. Eakle with a view to an amicable adjustment of their interests in this real estate, a bill for partition was prepared and filed by complainants on behalf of appellee Eakle. Complainants advanced $12 clerk's fees to the circuit clerk of Lee county when the bill was filed. The bill for partition, together with the check for the clerk's fees, was forwarded to the circuit clerk of Lee county by complainants on January 22, 1909. On January 5, 1909, two relatives of appellee Eakle filed a petition in the county court of Lee county, alleging that said Charles C. Eakle "is or is supposed to be an idiot, an insane,

distracted and feeble-minded person, drunkard and spend-thrift, who by reason of unsoundness of mind is incapable of managing and caring for his own estate." On January 18 a summons was issued by the county court, which was served on January 19, 1909, upon appellee Eakle. On January 23, 1909, appellee Eakle again came to the office of complainants and notified them of the filing of the petition against him in the county court of Lee county, and informed complainants that an effort was going to be made to have a conservator appointed for him and that he desired to resist such application, and informed complainants that he wanted to employ them to represent him in the Lee county court proceeding. At that interview appellee Eakle was asked by complainant C. L. Sheldon to execute a note for $500 to complainants to pay for services rendered and to be rendered, and to secure said note by a real estate mortgage upon his undivided one-half interest in the one hundred and twenty acres of land involved in the partition suit. The note and mortgage involved in this proceeding were thereupon executed by appellee Eakle to complainants. Complainants presented an itemized bill for services rendered and cash advanced to appellee Eakle, the first item of which is $5 for consultation on January 9, 1909, and the last item is $100 for services in preparing and trying the case in the Lee county court February 22 and 23. The total amount of complainants' claim is $173.

Appellees contend, and the circuit and Appellate Courts held, that under section 15 of an act to revise the law in relation to idiots, lunatics, drunkards and spendthrifts (Hurd's Stat. 1908, chap. 86, p. 1393,) the note and mortgage were voidable because they were executed after the filing of the application for the appointment of a conservator. The only question presented for our determination is whether the courts below properly construed said section of the statute.

Section 14 of said act provides that every note, bond or other contract made by a spendthrift after the finding of the jury provided for in section 1 of the act shall be void as against the spendthrift and his estate. Section 15 provides as follows: "Every contract made with an idiot, lunatic or distracted person before such finding, or with a drunkard or spendthrift made after the application for the appointment of a conservator, may be avoided, except in favor of the person fraudulently making the same." As we have already seen, the application to have appellee Eakle adjudged a drunkard and a spendthrift was filed on January 5, 1909. Summons was issued and served prior to the execution of the note and mortgage in question, and these facts were brought to the knowledge of the complainants before the note and mortgage were executed.

Complainants contend that section 15 only applies to contracts which were fraudulently made after the filing of such application. We are of the opinion that the language of this section cannot be so construed. Under this section of the statute the status of one charged with being a drunkard or spendthrift during the pendency of the proceeding in respect to contracts is similar to that of an infant. Such contracts are voidable at the instance of the person charged. Complainants contend that even under this construction appellee Eakle would be liable for the reasonable value of the services furnished in connection with this litigation. That question is not involved here. This is a bill to foreclose a mortgage and not a suit to recover for necessaries furnished appellee Eakle.

In our opinion the section of the statute above referred to was properly construed by the Appellate Court and is a complete defense to the bill to foreclose this mortgage.

The decree of the circuit court, and the judgment of the Appellate Court affirming the same, are affirmed.

*Decree affirmed.*